1

**ERIC BJORGUM (State Bar No. 198392)**
Eric.bjorgum@kb-ip.com

2

KARISH & BJORGUM PC

3

119 E. Union Street, Suite B
Pasadena, CA 91103

4

Telephone:   (213) 785-8070

5

Facsimile:   (213) 955-5010

6

Attorneys for Plaintiffs, Agustin Ramirez, Anthony Ramirez
and Agustin Ramirez, Jr.

7

UNITED STATES DISTRICT COURT

8

CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

9

10

AGUSTIN RAMIREZ, ANTHONY
RAMIREZ and AGUSTIN
RAMIREZ, JR.

11

Case No.

12

Plaintiffs,

**COMPLAINT FOR:**
**1.  FEDERAL TRADEMARK**

13

**INFRINGEMENT;**

14

vs.

**2.  DILUTION;**
**3.  COMMERCIAL**

15

EL NUEVO CORRAL NIGHTCLUB;

**DISPARAGEMENT;**

16

SIMON SEGUNDO dba Chico Malo
Productions; OK CORRAL EVENT

**4.  TRADE NAME**
**INFRINGEMENT / DILUTION;**

17

CENTER; FOX THEATER;
VICENTE MARTINEZ; JUAN

**5.  INTERFERENCE WITH**
**PROSPECTIVE BUSINESS**

18

MANUEL NAVARRO; SILVER

**ADVANTAGE;**

19

NUGGET GAMING, LLC dba Silver
Nugget Casino; RAINBOW

**6. PRELIMINARY AND**
**PERMANENT  INJUNCTIVE**

20

BALLROOM; YUBA-SUTTER

**RELIEF;**

21

FAIR; MARISCOS TAMPICO BAR
& GRILL; LA MOVIDA DE

**7.  VIOLATION OF CAL. BUS. &**
**PROF. CODE § 17200**

22

BAKERSFIELD; PAN AMNERICAN

**8.  INFRINGEMENT OF A**
**REGISTERED MARK**

23

BALLROOM; and DOES 1-50,
inclusive, Defendants.

**9.  VIOLATION OF STATUTORY**
**RIGHT OF PUBLICITY**

24

25

**JURY TRIAL REQUESTED**

26

27

28

COMPLAINT

**<u>JURISDICTION AND VENUE</u>**

1.       This case is brought to stop rampant trademark infringement on the name of Plaintiffs' musical group.  Multiple lawsuits have been filed in this District on similar claims, and some of the Defendants here are already subject to federal injunctions prohibiting their uses of LOS CAMINANTES or similar marks.  Yet they persist on using the name, and concert venues around the country book and advertise groups using infringing marks.  There is another case pending in this District on similar facts (*Agustin Ramirez et al. v. Martin Navarro et al.,* Case No. 5:20−cv−02408−FLA−SP), and it is hoped that that with these actions, the infringement will finally stop.

2.       Plaintiffs here are members of the famous Latin-American band Los Caminantes and own the trademark in LOS CAMINANTES (U.S. Reg. No. 4410019) for live performances by a musical group.  The band has been working since the early 1980s, and Plaintiff Agustin Ramirez has been involved in multiple lawsuits regarding misuse of the band name.

3.       These claims arise under the laws of the United States, particularly under the Lanham Act, as amended, 15 U.S.C. § 1051 *et seq.*, Cal. Bus. & Prof. Code § 17200 and California statutory and common law. Jurisdiction is proper under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1138(a). Jurisdiction is also proper pursuant to the Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367.

4.       This Court has specific personal jurisdiction over all of the defendants as each has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortious acts outside California, knowing and intending that such acts would cause injury within the state.

5.       Venue is proper in the United States District Court for the Central District pursuant to 28 U.S. C. §§ 1391(b) and 1391(c) in that some defendants reside in this District and transact affairs in this District and because a substantial

part of the events or omissions giving rise to the claims herein occurred within this District.

## THE PARTIES

6.      Plaintiff Agustin Ramirez is a U.S. citizen and resident of California.

7.      Plaintiff Anthony Ramirez is a U.S. citizen and resident of California.

8.      Plaintiff Agustin Ramirez, Jr. is a U.S. citizen and resident of California.

9.      Plaintiffs allege on information and belief that defendant El Nuevo Corral Nightclub  is a business operating in Santa Ana, California.

10.      Plaintiffs allege on information and belief that Defendant Simon Segundo dba Chico Malo Promotions is a resident of Raleigh, North Carolina.

11.      Plaintiffs allege on information and belief that Defendant OK Corral Event Center is a business of unknown form operating in Lakeland, Florida; Tampa, Florida; Huntsville, Alabama and elsewhere.

12.      Plaintiffs allege on information and belief that the Fox Theater is a California business of unknown form operating in San Bernardino, California.

13.      Plaintiffs allege on information and belief that Silver Nugget Gaming, LLC dba Silver Nugget Casino is a Nevada limited liability company operating in North Las Vegas, Nevada.

14.      Plaintiffs allege on information and belief that the Rainbow Ballroom is a business located in Fresno, California.

15.      Plaintiffs allege on information and belief that the Yuba-Sutter Fair is an entity of unknown form located in Yuba County, California.

16.      Plaintiffs allege on information and belief that defendant Vicente Martinez is a resident of Fontana, California.

17.      Plaintiffs allege on information and belief that defendant Juan Manuel Navarro is a resident of Wilmington, California.

18.     Plaintiffs allege on information and belief that defendant Mariscos Tampico Bar & Grill is a business located in Austin, Texas.

19.     Plaintiffs allege on information and belief that defendant La Movida de Bakersfield is a business located in Bakersfield, California.

20.     Plaintiffs allege on information and belief that defendant Pan American Ballroom de Porterville is a business located in Porterville, California.

21.     The true names and capacities, whether individual, corporate or otherwise, of the defendants named herein as Does 1 through 50, inclusive, are presently unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will seek to amend this complaint to allege the true names and capacities of said defendants when he has ascertained such information. Plaintiffs are informed and believe that each defendant named herein as Does 1 through 10 has participated in some or all of the acts or conduct alleged in this Complaint and is liable to Plaintiffs by reason thereof.

22.     Plaintiffs are informed and believe that defendants DOES 1-50 are musicians, agents, and/or others in the entertainment industry engaging in acts infringing upon and dilulting plaintiffs' marks in cooperation with or at the direction of  each other to perform the services which infringe upon and dilute plaintiff's mark, as alleged below.

## HISTORY OF LOS CAMINANTES

23.     In the mid- 1970's, Plaintiffs Agustin Ramirez founded the musical group "LOS CAMINANTES Aztecas" ("The Aztec Walkers") in the city of Bloomington, California.  The initial members of the group were plaintiff Agustin Ramirez and his brothers Brigido Ramirez, Horacio Ramirez and Bernardo Ramirez.

24.     From the inception of the group, plaintiff Agustin Ramirez is and has been the lead vocalist of the group, a role he has performed continuously since the founding of the group to the present day in connection with the LOS

1   CAMINANTES name.

2       25.      After the musical group signed a recording contract with Luna Records

3   (also known as Luna Music), in or about the year 1982, "Aztecas" was dropped

4   from the name, leaving "Los Caminantes," or "The Walkers."

5       26.      During the 1980s and 1990s, Los Caminantes recorded approximately

6   26 albums for Luna Records/Luna Music, with plaintiff Agustin Ramirez always as

7   lead vocalist. Los Caminantes toured extensively throughout the United States and

8   Mexico, performing in dances, concerts and massive outdoor events.  (Attached as

9   Exhibit A are examples of some of the album covers.) The group became wildly

10  popular for its "grupero" musical style within the Regional Mexican musical genre.

11  The group appeared on numerous television shows aimed at the Spanish-speaking

12  audience of the United States, Mexico and the Americas.

13      27.      In the years following the signing of the musical group to its first

14  recording contract, Martin Ramirez died in an auto accident and Brigido and

15  Horacio Ramirez each withdrew from the group. Brigido released his rights in Los

16  Caminantes in January, 1991. On July 20, 1996, Horacio Ramirez signed away his

17  interest of Los Caminantes.  At the close of 1996, the only remaining partners of the

18  Los Caminantes musical group were plaintiff Agustin Ramirez and Humberto

19  Navarro.

20      28.      In 2000, plaintiff Agustin Ramirez and Humberto Navarro signed as

21  Los Caminantes with the Fonovisa record label, which resulted in the production of

22  four (4) albums, for which plaintiff Agustin Ramirez was the lead vocalist. In 2006,

23  they signed again with the record label associated with the owners of Luna Music,

24  resulting in the production of three (3) more albums, for which Agustin Ramirez,

25  again, was the lead vocalist.

26      29.      Luna Records/Luna Music registered the trademark LOS

27  CAMINANTES with the United States Patent and Trademark Office ("USPTO"), in

28

1   international classification no. 009 for a "series of phonograph records, pre-recorded
2   audio cassette tapes and pre-recorded compact discs, all featuring music," Ser. No.
3   74/372907. A certificate of registration for the trademark was issued in the name of
4   Luna Music Corporation on December 28, 1993, and later assigned to Luna
5   Management LLC. The registration was cancelled in October 2004.

6       30.      In 2005, the attorney for plaintiff Agustin Ramirez and Humberto
7   Navarro filed for registration of the trademark LOS CAMINANTES mark in
8   international classification no. 009 in the name of "Los Caminantes Partnership,
9   composed of Humberto Navarro and Agustin Ramirez," for a "series of prerecorded
10  phonograph records, audio cassettes, video cassettes, and compact discs featuring
11  music played in Spanish," Ser. No. 78/657655. issued to registration on August 15,
12  2006 as Registration No. 3,129,214. In that application, the partnership claimed a
13  first use date of February 14, 1975. That registration expired on or about February
14  15, 2012.

15      31.      Humberto Navarro passed away in June, 2011. Plaintiff Agustin
16  Ramirez is the sole remaining member of the group that first used the "Los
17  Caminantes Aztecas" service mark, later shortened to "Los Caminantes."

18      32.      On October 30, 2012, Plaintiffs filed an application to register LOS
19  CAMINANTES, which application issued to registration on October 1, 2013 as
20  Registration No. 4,410,019.

21      33.      Following the death of Humberto Navarro, there has been an
22  abundance of litigation over use of the LOS CAMINANTES mark.

23      34.      On September 27, 2011, Agustin Ramirez filed suit against Humberto
24  Navarro's son Martin Navarro for federal trademark infringement and unfair
25  competition, dilution, disparagement, dissolution of partnership, fraud and other
26  business torts.  Navarro answered and counterclaimed, and the parties dismissed all
27  claims without prejudice soon thereafter.

28

35.     In 2013, Ramirez also filed suit against former member Mario Sotelo, styled as *Agustin Ramirez, Anthony Ramirez, Agustin Ramirez, Jr. v. Mario Sotelo,* U.S. Dist; Court, Cent. Dist. Cal., Case No. 5:13-cv-002155-SJ (MRO).  In that case, the District Court entered an injunction against Sotelo's use of the mark LOS CAMINANTES. Sotelo is not yet a party to this case because he is entitled to certain notice under the injunction.

36.     The injunction in *Ramirez v. Sotelo* provided, *inter alia*:

   Defendants, their officers, employees, agents, owners, partners and all persons in active concert and participation with any of them who receive notice of this Court's order, by personal service or otherwise, are permanently enjoined and restrained from using the name LOS CAMINANTES or "Caminantes" or any similar form of the name, including without limitation "xCaminantes," "Caminantes Para Siempre" or any similar or derivative form of the name "Caminantes," in connection with the advertisement, marketing, promotion, or performance of live performances by any Defendant, except to the extent that nominative fair use applies. Thus, Defendants may state that they used to perform with Los Caminantes as a description of past musical performance experience.

   The Ninth Circuit later upheld that ruling in Case. No. 14-55571 on December 5, 2014.

37.     Later, Defendant Vicente Martinez, a singer, began singing in a version of Los Caminantes.  Plaintiffs eventually filed a suit against him and Defendant Juan Manuel Navarro, a promoter.  That case was styled *Agustin Ramirez, Anthony Ramirez and Agustin Ramirez, Jr. v. Vicente Martinez and Juan Manuel Navarro,* U.S. Dist. Court, Cent. Dist. of Cal., Case No. 5:2017-cv-0221-

1   FMO (GJSx).

2   38.      Following a Motion for Default Judgment and Motion for Summary

3   Judgment, the Court on August 19, 2019 entered a Judgment on behalf of Plaintiffs,

4   ordering that Navarro pay $77,654.00 in damages and fees and enjoying Navarro

5   from: "using the LOS CAMINANTES mark or trade name alone or in combination

6   with any other word or symbols. . . which would be likely to cause confusion,

7   deception of mistake, or [in advertising."  Navarro was also enjoined from

8   contacting promoters for the purse of offering the services of Los Caminantes and

9   using any mark or business identifying, or "acting in any fashion" that would

10  represent that he is providing goods and services that are authorized by Los

11  Caminantes.  Vicente Martinez was subject to a similar injunction but not damages.

12  A true and correct copy of that injunction is attached hereto as Exhibit B.

13  39.      Despite all of this litigation, including judgments and injunctions

14  finding that Agustin Ramirez and his family are the owners of the LOS

15  CAMINANTES trademark, confusing uses of the LOS CAMINANTES trademark

16  continue and are indeed mounting.

17  40.      Plaintiffs learned in late 2019 that Martin Navarro was once again

18  claiming some rights to use LOS CAMINANTES or "Los Caminantes HN."  On

19  information and belief, Martin Navarro was either playing concerts as Los

20  Caminantes HN or authorizing others do so.

21  41.      Navarro later applied for a trademark registration on LOS

22  CAMINANTES HN, but the Examiner rejected the application under section 2(d) of

23  the Lanham Act, finding the application to be confusing with LOS CAMINANTES.

24  42.      The recent concerts played by Navarro's were advertised in a manner

25  that would be confusing to the relevant market.  Sometimes recordings by Agustin

26  Ramirez were used to promote concerts, as were photos of Agustin Ramirez.  On

27  information and belief, Martin Navarro did not take reasonable steps to avoid

28

consumer confusion.

43.     On or about October 21, 2020, Plaintiff's representative sent a letter to Defendant El Nuevo Corral Nightclub, which had been promoting a concert by Los Caminantes.  In that letter, Plaintiff identified the a poster, which shows Plaintiff Agustin Ramirez and his band.  Plaintiff demanded that the concert not proceed, but Defendants refused.

44.     Plaintiffs sent similar letters and contacted other nightclubs across the United States that were either using marks confusingly similar to LOS CAMINANTES, using Agustin Ramirez, Sr.'s voice or using Agustin Ramirez, Sr.'s image.  Examples of such letters are attached hereto as Exhibit C.

45.     It has recently come to light that there is an infringing tour this summer promoted as "El Regreso Del Romnticismo #2."  That tour is being promoted by J & J Promociones, which on information and belief, is the promotion company of Defendant Juan Manuel Navarro, who is already subject to an injunction against using the LOS CAMINANTES name.  Below is an example of an advertisement for that tour:



46.     As the summer touring season approaches, this situation is becoming untenable.  Attached hereto as Exhibit D are true and correct copies of advertisements for performances of groups using confusing marks.  Some of these groups feature Defendant Vicente Martinez.

47.     In 2021, Plaintiff Agustin Ramirez has been unable to tour for medical reasons and because of the COVID-19 crisis.  Defendants have seized this opportunity to book multiple concerts throughout the United States.  Without immediate relief, Plaintiffs will be irreparably harmed.

48.     On information and belief, Defendants have the right and ability to supervise the conduct of one or all of each other's infringing activities and have a direct financial interest in one or all of each other's infringing activities.

49.     On information and belief, Defendants had knowledge of the

1  infringing conduct of one or all of each other and materially contributed to, induced
2  or caused the infringing activity of one or all of each other.

3

4  ### FIRST CLAIM FOR RELIEF

5  ### (Federal Trademark Infringement, False Designation of Origina and
6  ### Unfair Competition -- Against All Defendants)

7  50.     Plaintiffs reallege and incorporate in this cause of action all previous
8  paragraphs of this complaint.

9  51.     This claim for relief arises under 15 U.S.C. § 1125(a)(1)(A) and is
10  alleged against all defendants.

11  52.     Plaintiffs are the owners of the mark LOS CAMINANTES or are
12  entitled to sole use and ownership of the business, goodwill, trademark and service
13  mark of LOS CAMINANTES.

14  53.     None of the defendants named herein have any claim or colorable right
15  to utilize the name LOS CAMINANTES either in connection with the live
16  performances or sound recordings of LOS CAMINANTES.

17  54.     Defendants are using Plaintiffs' LOS CAMINANTES mark so as to
18  cause confusion as to Plaintiffs' association with, affiliation with, or sponsorship of
19  the performance of defendants' musical group. Defendants' actions have led to
20  instances of actual confusion by promoters and consumers, including the use of the
21  LOS CAMINANTES name in advertising and the use of the image of plaintiff
22  Agustin Ramirez in such advertising.

23  55.     Defendants' actions also constitute unfair competition in violation of
24  section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25  56.     The actions of Defendants, as alleged herein, have caused damage to
26  Plaintiff's reputation and mark.

27  57.     The actions of Defendants and each of them as herein alleged were and

28

1  are intended to cause confusion, have caused confusion, and will continue to cause

2  confusion unless enjoined.

3      58.      For each act made in violation of §1125(a), Plaintiffs are entitled to

4  recover actual damages as well as Defendants' profits from such infringement.

5      59.      Plaintiffs are entitled to treble damages and prejudgment interest under

6  15 U.S.C. ¶ 1117.

7      60.      Plaintiffs are informed and believe that the acts of Defendants

8  complained of herein were undertaken willfully and with the intention of causing

9  confusion, mistake or deception.

10     61.      Monetary relief alone is not adequate to address fully the irreparable

11 injury that defendants' illegal actions have caused and will continue to cause

12 Plaintiffs if defendants' actions are not enjoined. Plaintiffs therefore are also entitled

13 to preliminary and permanent injunctive relief to stop the ongoing acts of unfair

14 competition and other violations by Defendants and anyone acting in concert with

15 them.

16              **SECOND CLAIM FOR RELIEF**

17              **(Dilution – Against all Defendants)**

18     62.      Plaintiffs reallege and incorporate in this cause of action all previous

19 paragraphs of this Complaint.

20     63.      This claim for relief arises under section 43(c) of the Lanham Act, 15

21 U.S.C. § 1125(c) and is alleged against all defendants.

22     64.      Plaintiffs are the owner of the mark LOS CAMINANTES  or are

23 entitled to sole use and ownership of the business, goodwill, trademark and service

24 mark of LOS CAMINANTES.

25     65.      The trade name and mark LOS CAMINANTES has become famous

26 throughout the United States, through use in the advertising of the musical group's

27 services, through airplay, record sales, appearances of the musical group on

28

broadcast television in Mexico, the United States and Central America newspaper and magazine articles concerning the group, and through public appearances at dances and events. Accordingly, it is entitled to protection under § 1125(c).

66.     Defendants' unauthorized use of Plaintiff's trade name and mark does and will dilute the distinctive quality of the trade name and mark and will diminish and destroy the public association of the trade name and mark with Plaintiffs and Plaintiffs' group "Los Caminantes."

67.     In engaging in the actions complained of above, Defendants and each of them willfully intended and intend to trade on the reputation of Plaintiff's musical group.

68.     In engaging in the actions complained of above, defendants and each of them have willfully intended to cause dilution of the famous trade name and mark belonging to Plaintiffs.

69.     For each act violating Plaintiffs' rights, Plaintiffs are entitled to recover actual damages as well as Defendants' profits from such infringement.

70.     Plaintiffs are entitled to treble damages and prejudgment interest under 15 U.S.C. ¶ 1117.

71.     Plaintiffs are informed and believe that the acts of Defendants complained of herein were undertaken willfully and intentionally by Defendants.

72.     Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiffs if Defendants' acts are not enjoined. Plaintiffs are therefore also entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing violations as well as those of anyone acting in concert with them.

### THIRD CLAIM FOR RELIEF

### (Commercial Disparagement – Against All Defendants)

73.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

74.     This claim for relief arises under 15 U.S.C. § 1125(a)(1)(B) and is alleged against all defendants.

75.     Plaintiffs are the owner of the mark LOS CAMINANTES or are entitled to sole use and ownership of the business, goodwill, trademark and service mark of LOS CAMINANTES.

76.     Defendants and their agents or principals, in connection with others, have misrepresented the nature, characteristics and qualities of defendants'' musical group in a manner that has caused, and is likely to continue to cause, damage to Plaintiff.

77.     In engaging in the actions complained of above, defendants and each of them willfully intended and continue to intend to trade on the reputation of Plaintiffs and Plaintiffs' musical group LOS CAMINANTES.

78.     In engaging in the actions complained of above, defendants and each of them have willfully intended to cause dilution of the famous trade name and mark belonging to plaintiff.

79.     For each act violating federal law, Plaintiffs are entitled to recover actual damages as well as Defendants' profits from such infringement.

80.     Plaintiffs are entitled to treble damages and prejudgment interest under 15 U.S.C. ¶ 1117.

81.     Plaintiffs are informed and believe that the acts of Defendants complained of herein were undertaken willfully and intentionally by Defendants.

82.     Monetary relief alone is not adequate to address fully the irreparable injury that defendants' illegal actions have caused and will continue to cause

Plaintiffs if not enjoined. Plaintiffs therefore is also entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing violations as well as those of anyone acting in concert with them.

## FOURTH CLAIM FOR RELIEF

### (State Trade Name Infringement and Dilution – Against All Defendants)

83.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint. This claim for relief arises under the laws of the State of California and is alleged against all defendants.

84.     Plaintiffs are the owner of the mark LOS CAMINANTES, or are entitled to sole use and ownership of the business, goodwill, trademark and service mark of LOS CAMINANTES.

85.     By their acts alleged herein, defendants have engaged in trade name infringement and dilution, California Bus. & Prof. Code §§ 14330 et seq., and §§ 14402 et seq.

86.     Defendants have intentionally deceived the public by misrepresenting that their services are connected with Plaintiffs and Plaintiffs' musical group "LOS CAMINANTES."

87.     Plaintiffs are informed and believe that the acts of defendants described herein were undertaken willfully and with the intention of causing confusion, mistake or deception.  Monetary relief alone is not adequate to address fully the irreparable injury that defendants" illegal actions have caused and will continue to cause Plaintiffs if defendants" conduct is not enjoined. Plaintiffs therefore are also entitled to preliminary and permanent injunctive relief to stop defendants" ongoing acts of unfair competition.

## FIFTH CLAIM FOR RELIEF

## (Interference with Prospective Business Advantage  -- Against All Defendants)

88.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this Complaint.

89.     This claim for relief arises under the common law of the State of California and is alleged against all defendants.

90.     Defendants and each of them, through their actions, have interfered with the prospective business advantage of Plaintiffs by interfering with the right of Plaintiffs to exploit and benefit commercially from the trade name and mark of Plaintiffs and Plaintiffs' musical group and the goodwill of the business of Plaintiffs' musical group.

91.     Plaintiffs have been damaged by the tortious interference by defendants and each of them with Plaintiffs' economic relations in an amount to be alleged by amendment to this Complaint.

92.     The aforementioned acts of Defendants were and are willful, oppressive and malicious. Plaintiffs therefore should be awarded punitive damages in an amount to be alleged by amendment to this Complaint.

## SIXTH CLAIM FOR RELIEF

## (Preliminary and Permanent Injunctive Relief – Against All Defendants)

93.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

94.     The continuing wrongful acts of defendants herein have harmed and continue to harm the interest of plaintiff in the use of the name and mark "LOS CAMINANTES."

95.     If this court does not issue a preliminary and permanent injunction against defendants and each of them prohibiting the use of the name LOS

CAMINANTES and other confusingly similar terms, in connection with the goods and services of defendants" musical group, Plaintiff will suffer irreparable harm for which there is no adequate remedy at law.

96.     If Defendants continue to perform under a confusing name, Plaintiffs may be constrained to bring an application for a Temporary Restraining Order.

## SEVENTH CLAIM FOR RELIEF
## (CAL. BUS. & PROF. CODE § 17200)

97.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this Complaint.

98.     This claim for relief arises under the laws of the State of California and is alleged against all defendants.

99.     Business and Professions Code section 17200 et seq. (the Unfair Competition Law or UCL") prohibits any lawful, unfair or fraudulent business act or practice, any unfair deceptive, untrue or misleading advertising, and any violation of Business and Professions Code section 17500 et seq.

100.    Defendants violated the UCL by engaging in unlawful, unfair, and fraudulent business acts or practices, including by not limited to: (a) knowingly and intentionally inducing the public to believe that LOS CAMINANTES were playing at their live performances; and (b) by making or disseminating false, misleading or deceptive statements to the public indicating that Defendants have the right to perform using the LOS CAMINANTES trademark.

## EIGHTH CLAIM FOR RELIEF
## (Infringement of a Registered Mark, 15 U.S.C. § 1114 – Against All Defendants)

101.    Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this Complaint.

102.      Continuously since at least 1983 Plaintiff Agustin Ramirez has used the mark LOS CAMINANTES to identify his goods and services and to distinguish them from those made and sold by others, by, among other things, prominently displaying the mark LOS CAMINANTES on the recordings, marquees, posters and displays associated therewith. The registration in that mark is now held by the three Plaintiffs.

103.      Defendants have infringed Plaintiffs' mark in interstate commerce by various acts, including playing concerts using the mark LOS CAMINANTES or confusingly similar marks.  Said use of said names and marks by defendant is without permission or authority of plaintiffs and said use by defendants is likely to cause confusion, to cause mistake and to deceive.

104.      Defendants have displayed or authorized the display of counterfeit marks displaying LOS CAMINANTES.

105.      Defendants' heretofore alleged acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake and to deceive.  Defendants all have worked with Plaintiffs or are aware of the famous LOS CAMINANTES name.

106.      For each act made in violation of §1114(a), Plaintiffs are entitled to recover actual damages as well as Defendants' profits from such infringement, including, according to proof, damages for counterfeiting.

107.      Plaintiffs are entitled to treble damages and prejudgment interest under 15 U.S.C. ¶ 1117.

108.      Plaintiffs are informed and believe that the acts of Defendants complained of herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

109.      Monetary relief alone is not adequate to address fully the irreparable injury that defendants' illegal actions have caused and will continue to cause

Plaintiffs if defendants' actions are not enjoined. Plaintiffs therefore are also entitled to preliminary and permanent injunctive relief to stop the ongoing acts of unfair competition and other violations by Defendants and anyone acting in concert with them.

## NINTH CLAIM FOR RELIEF

### (Violation of Right of Publicity – Cal. Civ. Code § 3344 against All Defendants Juan Manuel Navarro dba J & J Promociones)

110.     Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this Complaint.

111.     Defendant Juan Manuel Navarro has used Agustin Ramirez's voice and recordings to generate income on live performances by playing music featuring his vocals on advertisements.

112.     Such use has been without Ramirez's  consent.

113.     Such use was not in connection with news, public affairs, a sports broadcast or politics.

114.     The use was directly connected to commercial purposes.  Ramirez has been harmed by the use.

115.     The use was a substantial factor in causing the harm, including general and special damages.

116.     Defendants engaged in outrageous conduct, carried on with willful and conscious disregard of the rights of Ramirez. Plaintiffs are entitled to compensatory and punitive damages. Plaintiffs are entitled to attorneys fees and costs.

### Prayer for Relief

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     An order declaring that Defendants have no rights to use the LOS CAMINANTES mark;

2.     For an order permanently and preliminarily enjoining the Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them from:

a.     Directly or indirectly using, printing, distributing, selling, offering for sale, possessing, advertising, performing under, promoting or displaying in any way the LOS CAMINANTES mark or any simulation, reproduction, copy or colorable imitation of the LOS CAMINANTES mark;

b.     Making any unauthorized use of the LOS CAMINANTES mark in such a way as to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendants as to the origin, sponsorship or approval of Plaintiffs' products or services;

c.     Otherwise infringing Plaintiffs' rights in and to the LOS CAMINANTES mark; and

d.     Utilizing or displaying the image, likeness or voice of Agustin Ramirez, Sr.  or the other Plaintiffs;

3.     For an order restraining Defendants' further dilution of the LOS CAMINANTES mark;

4.     For Orders finding Vicente Martinez and Juan Manuel Navarro and their associates in contempt of Court for violations of the injunctions against them;

5.     For a finding that the Defendants' acts were undertaken, intentionally, maliciously and/or with a reckless and wanton disregard of the Plaintiffs' common law trademark rights and rights of publicity and for an award of exemplary damages pursuant to California Civil Code section 3295 in an amount sufficient to punish, deter, and make an example of Defendants for the acts complained of herein;

6.     For an award of damages based upon Plaintiffs' lost profits and disgorgement of Defendants' profits, as well as injury to Plaintiffs' personality and reputation;

7.     For any enhanced damages pursuant to 15 U.S.C. § 1117.

8.     For an award of costs, fees and expenses incurred in this action.

9.    That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

KARISH & BJORGUM, PC

Dated:  June 9, 2021


By:  ___/A. Eric Bjorgum_____
A. Eric Bjorgum
Attorneys for Plaintiffs Agustin Ramirez, Anthony Ramirez and Agustin Ramirez, Jr.

## REQUEST FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiffs hereby request a trial by jury of all issues raised by the Complaint which are properly triable to a jury.

Dated: June 9, 2021                    KARISH & BJORGUM, PC


By: _A. Eric Bjorgum_____

A. Eric Bjorgum
Attorneys for Plaintiffs Agustin Ramirez,
Anthony Ramirez and Agustin Ramirez, Jr.