O

# United States District Court
# Central District of California

| | |
|---|---|
| AGUSTIN RAMIREZ et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>EL NUEVO CORRAL NIGHTCLUB et al.,<br><br>　　　　　Defendants. | Case № 2:21-cv-04732-ODW (GJSx)<br><br>**ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT AS TO DEFENDANTS SIMON SEGUNDO DBA CHICO MALO PRODUCTIONS, MARISCOS TAMPICO BAR & GRILL, JUAN MANUEL NAVARRO, AND OK CORRAL EVENT CENTER [62, 63]** |

## I. INTRODUCTION

Plaintiffs Agustin Ramirez, Agustin Ramirez, Jr., and Anthony Ramirez move for entry of default judgment against Defendants Simon Segundo dba Chico Malo Productions ("Simon Segundo"), Mariscos Tampico Bar & Grill, Juan Manuel Navarro, and OK Corral Event Center. (Mots. Default J. ("Motions" or "Mots."), ECF Nos. 62, 63.) For the following reasons, the Court **DENIES** Plaintiffs' Motions.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

The following facts are taken from Plaintiffs' Complaint. (Compl., ECF No. 1.) In the mid-1970s, Plaintiff Agustin Ramirez and his three brothers founded the musical group "LOS CAMINANTES Aztecas." (*Id.* ¶ 23.) After the musical group signed a recording contract with Luna Records, the band dropped "Aztecas" from the name, leaving "Los Caminantes." (*Id.* ¶ 25.) Los Caminantes recorded more than two dozen musical albums and performed throughout the United States and Mexico. (*Id.* ¶ 26.) Although the membership of Los Caminantes changed over time, Plaintiff Agustin Ramirez continuously led the musical group until his death on October 28, 2022, after this litigation began. (*Id.* ¶¶ 27–29, 31; Statement of Death, ECF No. 54.)

On October 30, 2012, Plaintiffs filed an application with the United States Patent and Trademark Office ("USPTO") to register the Los Caminantes name. (*Id.* ¶ 32.) On October 1, 2013, the USPTO approved Plaintiffs' application and issued them Registration No. 4,410,019 ("Los Caminantes Trademark"). (*Id.*)

Due to past infringement of the Los Caminantes Trademark, this is not Plaintiffs' first foray into the litigation process, nor is it Plaintiffs' first lawsuit against Defendant Juan Manuel Navarro. In October 2017, Plaintiffs filed a trademark infringement suit against Navarro and others, resulting in judgment for the Plaintiffs and a remedy in the form of damages and a permanent injunction. J., *Agustin Ramirez v. Vicente Martinez*, Case No. 5:17-cv-02211-FMO (GJSx), ECF No. 81 (C.D. Cal. filed Aug. 19, 2019). In the injunction, Judge Olguin enjoined Navarro from "using the Los Caminantes mark or trade name alone or in combination with any other words or symbols . . . as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale, or sale of any product or service." (*Id.* ¶ 3.) Navarro was further "enjoined from contacting promoters, advertisers or other businesses for the purpose of offering the services of defendants as 'Los Caminantes' or any confusingly similar or colorable imitation of the 'Los Caminantes' name." (*Id.*)

Plaintiffs allege that this injunction failed to adequately deter Juan Manuel Navarro. In the instant action, Plaintiffs allege that Juan Manuel Navarro's promotion company promoted "an infringing tour this summer promoted as 'El Regreso Del Romnticismo [*sic*] #2.'" (Compl. ¶ 45.)

Plaintiffs attribute other conduct to Martin Navarro. It is unclear if there is any relation between Martin and Juan Manuel. Plaintiffs allege that, in late 2019, they learned that Martin Navarro "was once again claiming some rights to use LOS CAMINANTES or 'Los Caminantes HN.'" (*Id.* ¶ 40.) Martin Navarro was "either playing concerts as Los Caminantes HN or authorizing others [to] do so." (*Id.*)

Additionally, without specifying which Navarro they are referring to, Plaintiffs further allege that "Navarro later applied for a trademark registration on LOS CAMINANTES HN, but the [USPTO] rejected the application under section 2(d) of the Lanham Act, finding the application to be confusing with LOS CAMINANTES." (*Id.* ¶ 41.)

In the Complaint, Plaintiffs include no factual allegations related to Defendants Simon Segundo, OK Corral Event Center, and Mariscos Tampico Bar & Grill. (*See generally id.*)

On June 9, 2021, Plaintiffs brought this trademark infringement action against twelve named defendants. Four defendants remain: Simon Segundo, OK Corral Event Center, Juan Manuel Navarro, and Mariscos Tampico Bar & Grill ("Defendants").[2] The Clerk of this Court entered default against each of them. (Entries of Default, ECF Nos. 39, 61). On April 21, 2023, Plaintiffs filed these two Motions for Default Judgment. (Mots.)

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ.

---

[2] Over the last two years, Plaintiffs voluntarily dismissed all other defendants from this action. (*See* Notices of Dismissal, ECF Nos. 15, 34, 46, 64, 68.)

P. 55(b). However, before a court can enter default judgment against a defendant, the plaintiff must satisfy the procedural requirements in Rules 54(c) and 55, and Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) ("A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment.").

Generally, after the Clerk enters a default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the plaintiff's complaint "will be taken as true" except those pertaining to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). The court need not make detailed findings of fact in the event of default, except as to damages. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

## IV. DISCUSSION

The Court finds that Plaintiffs fail to meet the threshold necessary for this Court to enter default judgment against Defendants on Plaintiffs' Complaint. The record suffers from deficiencies related to (1) the procedural requirements, (2) the *Eitel* factors, and (3) proof of damages. The Court details those deficiencies below and provides Plaintiffs with an opportunity to amend to cure the deficiencies.

**A.  Procedural Requirements**

Both Motions fail to meet some of the procedural requirements set forth in the Central District of California Local Rules and the Federal Rules of Civil Procedure.

First, Local Rule 55-1 states that parties moving for default judgment must accompany the application with a declaration in compliance with Rule 55(b)(1) and/or (2). C.D. Cal. L.R. 55-1. Plaintiffs fail to include a declaration in support of their Motion for Default Judgment as to Defendant Simon. (ECF No. 62.)

In turn, Rule 55(b)(2) requires that, "[i]f the party against whom a default judgment is sought has appeared personally or by a representative," the plaintiff must serve the defaulting party with written notice of the application at least seven days before the hearing. Fed. R. Civ. P. 55(b)(2). Here, this rule applies to one defendant against whom default judgment is sought: Juan Manuel Navarro. Navarro first appeared in this action when he filed his answer on July 27, 2021. (Answer, ECF No. 11.) The Court later struck this document. (Min. Order, ECF No. 60.) However, on May 3, 2022, Navarro requested to proceed pro se in this action, which the Court granted. (Req. Substitution Counsel, ECF No. 40; Order Granting Req., ECF No. 45.) Because Navarro has appeared in this matter, Plaintiffs must submit a declaration indicating that Navarro has been served with written notice of the application.

The Court may properly deny the Motions for Default as to Defendants Simon Segundo and Juan Manuel Navarro on these two procedural bases.

### B.  *Eitel* Factors

In exercising discretion in whether to enter default judgment, courts consider the "*Eitel* factors": (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong public policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "Of all the Eitel factors, courts often consider the second and third factors to be the most important." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks omitted).

In considering whether the second and third *Eitel* factors—the merits of Plaintiffs' substantive claims and the sufficiency of Plaintiffs' Complaint—support default judgment, the Court is concerned that the Plaintiffs fail to provide Defendants with any notice of their allegedly wrongful conduct. In fact, Plaintiffs mention Defendants Simon Segundo, OK Corral Event Center, and Mariscos Tampico Bar &

Grill in only a brief description of the parties' citizenship in the Complaint's opening paragraphs. (Compl. ¶¶ 10, 11, 18.) These three defendants are absent from the rest of the Complaint, and Plaintiffs fail to allege any facts indicating that these three defendants wrongfully infringed on Plaintiffs' trademark. Without a sufficient complaint (the third *Eitel* factor), the Court also cannot properly assess the merits of Plaintiffs' substantive claims (the second factor), nor can it properly determine whether there is a possibility of a material factual dispute (the fifth factor). Overall, because of Plaintiffs' failure to allege any facts relating to these three defendants, the *Eitel* factors weigh against entering default judgment against them.

Although Plaintiffs make some factual allegations related to the fourth remaining defendant, Juan Manuel Navarro, the allegations are nevertheless insufficient to merit default judgment. First, Plaintiffs' references to "Navarro" are often ambiguous as to whether the alleged conduct was performed by Defendant Juan Manuel Navarro or a separate, seemingly unrelated, Martin Navarro. For example, Plaintiffs allege that "recent concerts played by Navarro's [*sic*] were advertised in a manner that would be confusing to the relevant market." (Compl. ¶ 42.) This statement is wedged between allegations involving both Juan Manuel Navarro and Martin Navarro. Other than Plaintiffs' allegations regarding the circumstances surrounding the injunction Plaintiffs obtained in 2019, the only facts clearly linked to Juan Manuel Navarro are limited to one paragraph in the Complaint:

> It has recently come to light that there is an infringing tour this summer promoted as "El Regreso Del Romnticismo [*sic*] #2." That tour is being promoted by J & J Promociones, which on information and belief, is the promotion company of Defendant Juan Manuel Navarro, who is already subject to an injunction against using the LOS CAMINANTES name.

(*Id.* ¶ 45.) This paragraph alone is insufficient to support a cognizable claim for trademark infringement against Juan Manuel Navarro, raising the same concerns as

those related to Defendants Simon Segundo, OK Corral Event Center, and Mariscos Tampico Bar & Grill detailed above.

Second, Plaintiffs' Complaint is filled with conclusory allegations. For example, Plaintiffs allege that Juan Manuel Navarro's tour is "infringing," (*id.*), and that "concerts played by Navarro's [*sic*] were advertised in a manner that would be confusing to the relevant market," (*id.* ¶ 42). Although the Complaint's factual allegations regarding liability are taken as true upon entry of default, the Court need not accept conclusory allegations as true. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (noting that a court is not required to accept as true allegations that are "unwarranted deductions of fact, or unreasonable inferences"); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible"). Here, the Plaintiffs' allegations are conclusory, unsupported by any well-pleaded facts regarding where and how Juan Manuel Navarro caused Plaintiffs' injury.

Accordingly, the Court concludes that Plaintiffs fail to sufficiently plead a claim against Juan Manuel Navarro because the Complaint lacks "necessary facts" and the conclusory allegations and legal conclusions contained in the Complaint are insufficient to entitle Plaintiffs to relief. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

### C. Proof of Damages

Finally, as allegations related to damages are not deemed true upon default, *TeleVideo Sys.*, 826 F.2d at 917–18, a party seeking default judgment must prove their damages, *Rubicon Global Ventures, Inc. v. Chongqing Zongshen Grp. Imp./Exp. Corp.*, 226 F. Supp 3d 1141, 1148 (D. Or. 2016). "[D]istrict courts within the Ninth Circuit have required plaintiffs to prove . . . compensatory damages with 'reasonable certainty' even in situations of default." *Id.* at 1149. Here, Plaintiffs do not attempt to prove damages in any way.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Motion for Default Judgment as to Defendant Simon Segundo dba Chico Malo Productions. (ECF No. 62.) The Court further **DENIES** Plaintiffs' Motion for Default Judgment as to Defendants Mariscos Tampico Bar & Grill, Juan Manuel Navarro, and OK Corral Event Center. (ECF No. 63.)

Plaintiffs may amend their Complaint to cure the substantive defects discussed above. If Plaintiffs choose to amend, the Amended Complaint is due no later than twenty-one days from the date of this Order, in which case Defendants shall have the opportunity to answer or otherwise respond within fourteen days of the filing. If Plaintiffs do not timely amend, the Court will dismiss this action.

**IT IS SO ORDERED.**

September 11, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

8